**EXHIBIT A**

| | |
|---|---|
| AMERICA AND AMERICANS | October 12, 1994 |
| BOMBS AWAY | November 27, 1970 |
| BURNING BRIGHT | October 20, 1978 |
| CANNERY ROW | January 2, 1973 |
| EAST OF EDEN | September 19, 1980 |
| THE LOG FROM THE SEA OF CORTEZ | September 17, 1979 |
| THE MOON IS DOWN (Novel) | March 6, 1970 |
| THE MOON IS DOWN (Play) | September 25, 1970 |
| ONCE THERE WAS A WAR | October 17, 1986 |
| A RUSSIAN JOURNAL | September 10, 1976 |
| THE SHORT REIGN OF PIPPIN IV | April 15, 1985 |
| SWEET THURSDAY | June 10, 1982 |
| TRAVELS WITH CHARLEY<br>(1989 For portions published by Curtis) | July 27, 1990 |
| THE WAYWARD BUS | February 17, 1975 |
| THE WINTER OF OUR DISCONTENT   Spec. Ed.<br>Reg. Ed. | May 16, 1989<br>June 23, 1989 |
| PORTABLE STEINBECK | July 1971 |
| THE PEARL | December, 1973 |

# EXHIBIT B

<u>SETTLEMENT AGREEMENT</u>

Whereas, John Steinbeck IV and Thom Steinbeck commenced an action in the United States District Court for the Southern District of New York entitled <u>John Steinbeck IV and Thom Steinbeck</u> v. <u>Elaine Steinbeck</u>, 81 Civ. 6105 ("the Action"); and

Whereas, Elaine Steinbeck filed an answer in the Action denying the material allegations of the complaint as amended and liability therefor, and asserting various affirmative defenses; and

Whereas, Elaine Steinbeck moved for summary judgment, which motion was granted on December 8, 1982; and

Whereas, the Action was dismissed with prejudice on December 28, 1982, and judgment in favor of Elaine Steinbeck was entered on January 3, 1983; and

Whereas, John Steinbeck IV and Thom Steinbeck filed a Notice of Appeal to the United States Court of Appeals for the Second Circuit; and

Whereas, John Steinbeck IV and Thom Steinbeck have stated their intention to file an action against Elaine Steinbeck for copyright infringement in connection with the foreign exploitation of the works of John Steinbeck, and against McIntosh and Otis, Inc. ("M & O") for breach of fiduciary duty, and have indicated that they may seek to

challenge the will of John Steinbeck (hereinafter collect-
ively referred to as the "Unasserted Claims"); and

Whereas, John Steinbeck IV and Thom Steinbeck and
Elaine Steinbeck (hereinafter the "Parties") are desirous of
settling the Action and the Unasserted Claims in order to
avoid the burdens and expenses of further litigation,

It is hereby agreed that:

1.   Elaine Steinbeck shall pay to John Steinbeck IV
and to Thom Steinbeck $66,876.30 each, which amount repre-
sents the difference between one-half and one-third of the
net royalties received through December 31, 1982 from the
domestic exploitation during their copyright renewal terms of
those works of John Steinbeck which entered their copyright
renewal terms after his death (the "renewed works") and their
derivatives which were initially licensed during the renewal
terms of the renewed works.  As used in this Agreement, the
phrase "renewal term" shall mean the 47 year term granted
pursuant to the U.S. Copyright Law, 17 U.S.C. § 304(a), ir-
respective of whether there has been a termination of grants
and/or renegotiation of rights pursuant to 17 U.S.C. § 304.

2.   The Parties shall each be entitled from Decem-
ber 31, 1982 forward to receive one-third of the net royal-
ties received from the domestic exploitation during their
copyright renewal terms (a) of the renewed works and their

2

derivatives which were initially licensed during the renewal terms of the renewed works and may be licensed in the future; and (b) so long as all the Parties are alive, of those works of John Steinbeck which will enter their copyright renewal terms in the future and their derivatives which may be initially licensed during such renewal terms. Upon the death of any of the Parties, all royalties payable under this Paragraph shall be paid to the deceased party's executors, administrators, successors, representatives, heirs and assigns.

3.   Elaine Steinbeck or her executors, adminis-trators, successors, representatives, heirs and assigns are the sole owners of all foreign copyrights in the works of John Steinbeck and all rights deriving therefrom and shall be the sole recipients of all royalties earned from the foreign exploitation of the works of John Steinbeck and their deri-vatives, including but not limited to: (a) all works which entered their renewal terms after John Steinbeck's death; and (b) all works which will enter their renewal terms in the future; and John Steinbeck IV and Thom Steinbeck hereby re-linquish all present and future claims thereto; provided, however, that royalties earned from sales outside the United States of the United States publishers' editions of the

3

renewed works shall be shared in accordance with the terms of
paragraphs 1 and 2 above.

4.   All sums due and owing to John Steinbeck IV and
to Thom Steinbeck under paragraphs 1 and 2 of this Agreement
shall be paid to them through their attorneys, Lowe, Bressler
& Kaufman, 2700 Que Street, N.W., Washington, D.C.

5.   The Parties hereby appoint M & O as their
literary agent to administer in the future, as it has in the
past, all copyrights and rights deriving therefrom in the
works of John Steinbeck.  Said appointment shall be termi-
nable solely at the discretion of Elaine Steinbeck.  Elaine
Steinbeck and/or her agent shall have the complete power and
authority to negotiate, authorize and take action with
respect to the exploitation and/or termination of rights in
the works of John Steinbeck in which John Steinbeck IV and
Thom Steinbeck have or will have renewal or termination
rights.  In order to effectuate the terms of this Paragraph,
John Steinbeck IV and Thom Steinbeck shall each execute,
simultaneously with the execution of this Agreement, an
irrevocable power of attorney in favor of Elaine Steinbeck in
the form attached hereto as Exhibit A.

6.   Elaine Steinbeck and/or the literary agent
shall maintain an accurate set of books and records reflec-
ting royalties earned from the domestic exploitation of the

4

orks of John Steinbeck in which John Steinbeck IV and Thom
Steinbeck have or will have renewal rights and shall, without
notice or demand, provide them with semi-annual accounting
statements.

7.   This Agreement shall supersede the letters
dated January 21, 1974 from Elizabeth R. Otis to John Stein-
beck IV and Thom Steinbeck.  With the exception of said let-
ters, the Parties hereby ratify and confirm all existing con-
tracts and agreements previously executed by them or by M & O
on their behalf with respect to those works of John Steinbeck
in which they have rights under the U.S. Copyright Law.

8.   Simultaneously with the execution of this
Agreement, John Steinbeck IV and Thom Steinbeck shall execute
a release in favor of Elaine Steinbeck in the form attached
hereto as Exhibit B.

9.   Simultaneously with the execution of this
Agreement, John Steinbeck IV and Thom Steinbeck shall execute
a release in favor of M & O in the form attached hereto as
Exhibit C.

10.   Within five days after the execution of this
Agreement, John Steinbeck IV and Thom Steinbeck, through
their attorneys, Lowe, Bressler & Kaufman, shall withdraw the
Notice of Appeal referred to herein and hereby agree never to
assert the Unasserted Claims.

5

11.   The terms of this settlement shall be kept
confidential and shall not be communicated in any way to any-
one other than the Parties and their heirs, successors and
assigns, their attorneys and accountants, and M & O and its
attorneys, except to the extent that disclosure may be re-
quired by law.

12.   This Agreement represents a compromise of the
claims asserted in the Action and of the Unasserted Claims
and is not and shall not be construed, represented or argued
to be an acknowledgment of the merits of the claims asserted
in the Action or the Unasserted Claims, or an admission of
liability on the part of Elaine Steinbeck or M & O.

13.   This Agreement shall not be modified in any
way except by a written agreement signed by the Parties.

14.   This Agreement shall bind the Parties and
their heirs, successors and assigns.


_Elaine Steinbeck_
Elaine Steinbeck


_John Steinbeck IV_
John Steinbeck IV


_____
Thom Steinbeck

6

# EXHIBIT C

## Power of Attorney

I, John Steinbeck IV, hereby irrevocably appoint Elaine Steinbeck my attorney-in-fact to act in my place, to the extent I am permitted by law to act through an agent or attorney-in-fact, as follows: to exercise my rights of renewal and rights to terminate grants to third parties and make new contracts and grants and assignments of copyrights, and to negotiate and sign contracts and agreements and otherwise take and authorize action on my behalf, directly or through such agents or attorneys-in-fact as she, in her sole discretion, may appoint, all solely with respect to the works of John Steinbeck in which I now have or will have renewal or termination rights under the U.S. Copyright Law.

_____
John Steinbeck IV

Dated:

February 16, 933

**EXHIBIT A**

## <u>Power of Attorney</u>

I, Thom Steinbeck, hereby irrevocably appoint Elaine Steinbeck my attorney-in-fact to act in my place, to the extent I am permitted by law to act through an agent or attorney-in-fact, as follows: to exercise my rights of renewal and rights to terminate grants to third parties and make new contracts and grants and assignments of copyrights, and to negotiate and sign contracts and agreements and otherwise take and authorize action on my behalf, directly or through such agents or attorneys-in-fact as she, in her sole discretion, may appoint, all solely with respect to the works of John Steinbeck in which I now have or will have renewal or termination rights under the U.S. Copyright Law.

Thom Steinbeck

Dated:

February 22, 1983

EXHIBIT A

# EXHIBIT D

## NOTICE OF TERMINATION

Dated:  May 26, 1994

To:  Steven Korn
     General Counsel
     Turner Broadcasting System, Inc
     One CNN Center
     Atlanta,  Georgia  30348-5366

     William A. Jones
     General Counsel
     Metro-Goldwyn-Mayer, Inc.
     United Artists Pictures, Inc
     2500 Broadway Street
     Santa Monica, California 90404-3061

     Barry Hirsch
     General Counsel
     Loew's Corporation
     667 Madison Avenue
     New York, New York  10021

     Philippe Dauman
     General Counsel
     Viacom International, Inc
     1515 Broadway  (27th Fl)
     New York, New York  10036

     Robert Cohen
     Sr. V.P. Legal Affairs
     Paramount Motion Picture Group
     5555 Melrose Avenue
     Los Angeles, California  90038

     Mrs. Robert Salisbury  (as successor to Jack Kirkland)
     945 Fifth Avenue #11B
     New York, New York 10021

     McIntosh & Otis, Inc is the literary agent for the works of
John Steinbeck.

     Pursuant  to  the  Copyright  Act  of  1976,  17  U.S.C.
Section 304(c), the Terminating Parties (by their duly authorized
agent) hereby notify you that as of May 27, 1996, all rights in
TORTILLA FLAT in which you may have secured under one or more of
the transfers or licenses granted you by John Steinbeck or by any
of the Terminating Parties, shall be terminated and revert to the
Terminating Parties.

TERMINATING PARTIES:

     Elaine Steinbeck (widow of John Steinbeck)
     Thom Steinbeck (child of John Steinbeck)

Elaine Steinbeck is the widow of John Steinbeck, and Thom Steinbeck is the sole surviving child. The terminating parties own one hundred percent (100%) of John Steinbeck's termination interest in the works. Their address is c/o McIntosh and Otis, Inc., 310 Madison Avenue, New York, New York 10017.

TERMINATING NOTICE:

This notice is being served upon:

Turner Broadcasting System, Inc
Metro-Goldwyn-Mayer, Inc.
United Artists Pictures, Inc
Loew's Corporation
Viacom International, Inc
Paramount Motion Picture Group
Mrs. Robert Salisbury (widow of Jack Kirkland)

as the parties whose rights are being terminated.

TERMINATED WORKS:

TORTILLA FLAT

TERMINATED GRANTS:

The grants being terminated are all those grants from or on behalf of the Author under which the Terminated Party has acquired any interest in the Terminated Work.

TERMINATION DATE:

The effective termination date is May 27, 1996.

SERVICE:

This Notice of Termination was mailed by the undersigned to the Terminated Parties by facsimile, Federal Express and regular mail on May 26, 1994.

This Notice of Termination is signed on behalf of Elaine Steinbeck (widow of John Steinbeck) and Thom Steinbeck (child of John Steinbeck) by their duly authorized agent.

Samuel L. Pinkus
c/o McIntosh and Otis, Inc.
310 Madison Avenue
New York, New York 10017

# EXHIBIT E

*Copyright*
*Office*
*of the*
*United*
*States*

THE
LIBRARY
OF
CONGRESS

# *Certificate of Recordation*

THIS IS TO CERTIFY THAT THE ATTACHED DOCU-
MENT WAS RECORDED IN THE COPYRIGHT OFFICE
ON THE DATE AND IN THE PLACE SHOWN BELOW.

THIS CERTIFICATE IS ISSUED UNDER THE SEAL OF THE COPYRIGHT OFFICE.

DATE OF RECORDATION

19Feb98

| VOLUME | PAGE |
|--------|------|
| 3411 | 591 |

| VOLUME | PAGE |
|--------|------|



OFFICIAL SEAL

*Marybeth Peters*

Register of
Copyrights and
Associate
Librarian for
Copyright
Services

Certificate of Recordation
C-7b2 March 1998—15,000

**DOCUMENT COVER SHEET**
For Recordation of Documents
UNITED STATES COPYRIGHT OFFICE

097344537

**RECEIVED**

FEB 24 1998

*[barcode]* *097344537*

DO NOT WRITE ABOVE THIS LINE.

**DOCUMENT SECTION**

DATE OF RECORDATION
(Assigned by Copyright Office)

FEB 1 9 1998

Month    Day    Year

Volume _3411_      Page _591_

Volume _____      Page _____

To the Register of Copyrights:
*Please record the accompanying original document or copy thereof.*

REMITTANCE _____

FUNDS RECEIVED _____

**1** NAME OF THE PARTY OR PARTIES TO THE DOCUMENT, AS THEY APPEAR IN THE DOCUMENT.

Party 1: Elaine Steinbeck, Thom Steinbeck
(assignor, grantor, etc.)
c/o McIntosh & Otis, Inc.
310 Madison Avenue, Ste. 607
New York, NY  10017

Party 2: Twentieth Century-Fox Film Corp.
(assignee, grantee, etc.)
2121 Avenue of the Stars
Los Angeles, CA  90067
(address)

**2** DESCRIPTION OF THE DOCUMENT:
☐ Transfer of Copyright          ☒ Termination of Transfer(s) [Section 304]          ☐ Transfer of Mask Works
☐ Security Interest                  ☐ Shareware
☐ Change of Name of Owner    ☐ Life, Identity, Death Statement [Section 302]          ☐ Other _____

**3** TITLE(S) OF WORK(S), REGISTRATION NUMBER(S), AUTHOR(S), AND OTHER INFORMATION TO IDENTIFY WORK.

| Title | Registration Number | Author |
|---|---|---|
| GRAPES OF WRATH | A129068 4/14/39 | John Steinbeck |

Additional sheet(s) attached?
☐ yes
☒ no
If so, how many? _____

**4** ☒ Document is complete by its own terms.
☐ Document is not complete. Record "as is."

**5** Number of titles in Document: _1_

**6** Amount of fee enclosed or authorized to be charged to a
Deposit Account  DA 033405  _40.00_

**7** Account number  DA 033405
Account name  McIntosh & Otis, Inc.

**8** Date of execution and/or effective date of accompanying
document _2_ _11_ _1998_
(month)   (day)   (year)

**9** AFFIRMATION:* I hereby affirm to the Copyright Office that the information given on this form is a true and correct representation of the accompanying document. This affirmation will not suffice as a certification of a photocopy signature on the document.

*Whitney A. Calam*
Signature

2/13/98
Date

**10** CERTIFICATION: * Complete this certification if a photocopy of the original signed document is submitted in lieu of a document bearing the actual signature.
I certify under penalty of perjury under the laws of the United States of America that the accompanying document is a true copy of the original document.

_____
Signature

_____
Duly Authorized Agent of:

_____
Date

MAIL
RECORDA-
TION TO:

Name ▼
Whitney A. Calam
McIntosh & Otis, Inc.

Number/Street/Apartment Number ▼
310 Madison Avenue, Suite 607

City/State/ZIP ▼
New York, NY  10017

YOU MUST
• Complete as necessary spaces
• Sign your cover sheet in space 9

SEND ALL 3 ELEMENTS
IN THE SAME PACKAGE:
1. Two copies of the Document Cover Sheet
2. Fee in check or money order payable to *Register of Copyrights*
3. Document

MAIL TO:
Documents Unit, Cataloging Division,
Copyright Office, Library of Congress
Washington D.C. 20559

The Copyright Office has the authority to adjust fees and 5-year statute, based on changes in the Consumer Price Index. The next adjustment is due in 1995. Please contact the Copyright Office after July 1994 to determine the actual fee schedule.

*Knowingly and willfully falsifying material facts on this form may result in criminal liability. 18 U.S.C. §1001

January 1993—50,000

☆ U.S. GOVERNMENT PRINTING OFFICE: 1993-342-582/60 032

②

V3411 D591   Page 1

# McIntosh and Otis, Inc.   FEB 19 1998

310 Madison Avenue, New York, New York 10017

Telephone:
212-687-7400

## NOTICE OF TERMINATION

FAX:
212-687-6894

### DATED:   February 11, 1998

Pursuant to the Copyright Act of 1976, 17 U.S.C. Section 304(c), the Terminating Parties hereby notify you that as of April 1, 2000 all rights in GRAPES OF WRATH subject to termination in which you may have secured under one or more of the transfers or licenses granted you by John Steinbeck and any of his assignees or licensees or by any of the Terminating Parties shall be terminated and revert to the Terminating Parties.

## TERMINATING PARTIES:

ELAINE STEINBECK
THOM STEINBECK

the widow of John Steinbeck and the only surviving child, respectively. The terminating parties own one hundred percent (100%) of John Steinbeck's termination interest in the work (fifty percent [50%] each). Their addresses are c/o McIntosh and Otis, Inc., 310 Madison Avenue, New York, NY 10017, fax: 212-687-6894.

## TERMINATING NOTICE:

This Notice is being served upon:

Mark Meyerson
Senior Counsel
Twentieth Century-Fox Film Corp.
2121 Avenue of the Stars
Ste. 1462
Los Angeles, CA 90067

as the party whose rights are being terminated (the "Terminated Parties").

## TERMINATED WORK:

GRAPES OF WRATH

## TERMINATED GRANTS:

In addition to the April 24, 1939 agreement between Viking Press, Inc. and John Steinbeck on the one hand, and Twentieth Century-Fox Film corporation:

1

V3411 D591



V3411 D591   Page 2

The grants being terminated are all those grants from or on behalf of the author and his assignees or licensees, under which the terminated party has acquired any interest in the terminated work.

TERMINATION DATE:

The effective termination date is April 1, 2000.

_____
Elaine Steinbeck

Thom Steinbeck

by _____
Elaine Steinbeck, Attorney in fact

SERVICE:

This Notice of Termination was mailed by the undersigned on behalf of Elaine Steinbeck and Thom Steinbeck addressed to the terminated parties as set forth above by Certified Mail and by first class mail on Friday, February 13, 1998.

_____

2

# EXHIBIT F

Copyright Office fees are subject to change.
For current fees, check the Copyright Office
website at www.copyright.gov, write the Copyright Office, or call (202) 707-3000.

**DOCUMENT COVER SHEET** Ⓒ
**For Recordation of Documents**
UNITED STATES COPYRIGHT OFFICE

DATE OF RECORDATION
(Assigned by Copyright Office)

| Month | Day | Year |
|-------|-----|------|

Volume _____  Page _____

Volume _____  Page _____

FUNDS RECEIVED _____

Do not write above this line.

EV202036388US

FOR OFFICE USE ONLY

## To the Register of Copyrights:

*Please record the accompanying original document or copy thereof.*

**1** Name of the party or parties to the document spelled as they appear in the document (List up to the first three)

Paramount Pictures Corporation

Estate of Elaine Steinbeck

**2** Date of execution and/or effective date of the accompanying document

5/17/04
(month)  (day)  (year)

**3** Completeness of document
☒ Document is complete by its own terms.
☐ Document is not complete. Record "as is."

☐ Other _____

**4** Description of document
☐ Transfer of Copyright
☐ Security Interest
☐ Change of Name of Owner

☒ Termination of Transfer(s) [Section 304]
☐ Shareware
☐ Life, Identity, Death Statement [Section 302]
☐ Transfer of Mask Works

**5** Title of first work as given in the document

The Red Pony

**6** Total number of titles in document

4

**7** Amount of fee calculated

$ 100.00

**8** Fee enclosed
☒ Check
☐ Money Order

☐ Fee authorized to be charged to :
Copyright Office
Deposit Account number _____

Account name _____

**9** Affirmation*: I hereby affirm to the Copyright Office that the information given on this form is a true and correct representation of the accompanying document. This affirmation will not suffice as a certification of a photocopy signature on the document. (Affirmation *must* be signed even if you are also signing Space 10.)

Signature _____, Jill M. Pietrini

Date May 26, 2004

(310) 312-4000     (310) 312-4224
Phone Number       Fax Number

**10** Certification*: Complete this certification in addition to the Affirmation if a photocopy of the original signed document is substituted for a document bearing the actual signature.
NOTE: This space *may not* be used for an official certification.
I certify under penalty of perjury under the laws of the United States of America that the accompanying document is a true copy of the original document.

Signature _____

Duly Authorized Agent of: _____

Date _____

Recordation will be mailed in window envelope to this address:

Name▼ Jill M. Pietrini, Esq.
Manatt, Phelps & Phillips, LLP

Number/Street/Apt▼
11355 W. Olympic Boulevard

City/State/ZIP▼
Los Angeles, CA 90064

**YOU MUST:**
• Complete all necessary spaces
• Sign your Cover Sheet in Space 9
**SEND ALL 3 ELEMENTS TOGETHER:**
1. Two copies of the Document Cover Sheet
2. Check/money order payable to Register of Copyrights
3. Document
**MAIL TO:**
Library of Congress, Copyright Office
Documents Recordation Section, LM-462
101 Independence Avenue, S.E.
Washington, D.C. 20559-6000

Fees are subject to change. For current fees, check the Copyright Office website at www.copyright.gov, write the Copyright Office, or call (202) 707-3000.

*Knowingly and willfully falsifying material facts on this form may result in criminal liability. 18 U.S.C §1001.

Rev: June 2002—20,000  Web Rev: June 2002  ♻ Printed on recycled paper

U.S. Government Printing Office: 2000-461-113/20,021

## NOTICE OF TERMINATION

VIA CERTIFIED MAIL RETURN RECEIPT REQUESTED

TO: Paramount Pictures Corporation, successor-in-interest to Republic Pictures Corporation and Repix, Inc.
5555 Melrose Avenue
Los Angeles, CA 90038
Attn: Legal Department

Estate of Elaine Steinbeck
c/o McIntosh and Otis, Inc.
353 Lexington Avenue
New York, New York 10016
Ph: 212-687-7400

PLEASE TAKE NOTICE that pursuant to 17 U.S.C. §304(d), Thomas Steinbeck and Blake Smyle, he being the sole surviving child of deceased author John Steinbeck, and she being the sole surviving child of deceased John Steinbeck IV, who was the only other child of deceased author John Steinbeck, terminate grants made to you before January 1, 1978 in the works described below:

| Title | Author | Date Copyright Secured | Copyright Reg. # | Effective Date of Termination |
|---|---|---|---|---|
| The Red Pony and all stories included therein, namely: | John Steinbeck | Sept. 24, 1937 | A:109632 | Sept. 25, 2012 |
| The Gift | John Steinbeck | Oct. 18, 1933 | B:204366 | Oct. 19, 2008 |
| The Great Mountains | John Steinbeck | Nov. 16, 1933 | B:206800 | Nov. 17, 2008 |
| The Promise | John Steinbeck | July 20, 1937 | B:345443 | July 21, 2012 |

Deceased author John Steinbeck's widow Elaine Steinbeck being deceased, and there being no other surviving child or grandchild of deceased author John Steinbeck, Thomas Steinbeck and Blake Smyle are all of the persons whose signatures are necessary to terminate the grants described herein under 17. U.S.C. §304. Termination of renewal term rights under 17 U.S.C. §304(c) has not been exercised before.

This notice terminates all rights granted to you or your predecessors in interest by Charles K. Feldman Group Productions and Lewis Milestone Productions, Inc. pursuant to an agreement and supplemental agreement dated March 2, 1947, which was referenced by an instrument dated April 19, 1949, and recorded in the U.S. Copyright Office on June 29, 1949 at Volume 711, pages 205-206, which granted to Republic Pictures Corp. the right to release, exhibit and distribute a motion picture entitled "The Red Pony", based on the story and/or literary material by John Steinbeck entitled "The Red Pony", "The Great Mountains", "The

Gift", "The Long Valley", "Leader of the People", and "The Promise", and to broadcast by
radio material therefrom, as well as to exploit limited publication rights therein for advertising
purposes. This notice also terminates all rights you or your predecessors-in-interest received
from on assignment by deceased author John Steinbeck to Lewis Milestone of all motion
picture, radio and television rights in the above works, and in the stories "The Great
Mountains", "The Promise", and "The Gift" by an agreement between those parties dated
September 26, 1946 and recorded as three separate instruments dated October 11, 1946 and
recorded February 11, 1947 in volume 626, pages 89-94 of the U.S. Copyright Office Records,
which rights Republic Pictures Corp. was assigned by a certificate of sale and foreclosure dated
September 25, 1952, recorded November 28, 1952, in volume 857, pages 2 and 3 in the U.S.
Copyright Office record.

Dated: May 13, , 2004                    _____
                                         Thomas Steinbeck

Dated: May 17, 2004                      _____
                                         Blake Smyle

40645393.1

# EXHIBIT G

Copyright Office fees are subject to change. For current fees, check the Copyright Office website at *www.copyright.gov*, write the Copyright Office, or call (202) 707-3000.

**DOCUMENT COVER SHEET**
For Recordation of Documents
UNITED STATES COPYRIGHT OFFICE

DATE OF RECORDATION
(Assigned by Copyright Office)

| | Month | Day | Year |
|---|---|---|---|

Volume _____ Page _____

Volume _____ Page _____

FUNDS RECEIVED _____

Do not write above this line.

EV202036309US

**To the Register of Copyrights:**

*Please record the accompanying original document or copy thereof.*

FOR OFFICE USE ONLY

**1** Name of the party or parties to the document spelled as they appear in the document (List up to the first three)

Paramount Pictures Corporation

Estate of Elaine Steinbeck

**2** Date of execution and/or effective date of the accompanying document

5/17/04
(month)  (day)  (year)

**3** Completeness of document
☒ Document is complete by its own terms.
☐ Document is not complete. Record "as is."

**4** Description of document
☐ Transfer of Copyright
☐ Security Interest
☐ Change of Name of Owner
☒ Termination of Transfer(s) [Section 304]
☐ Shareware
☐ Life, Identity, Death Statement [Section 302]
☐ Transfer of Mask Works
☐ Other _____

**5** Title of first work as given in the document

The Long Valley

**6** Total number of titles in document  13

**7** Amount of fee calculated
$ 120.00

**8** Fee enclosed
☒ Check
☐ Money Order

☐ Fee authorized to be charged to :
Copyright Office
Deposit Account number _____
Account name _____

**9** Affirmation*: I hereby affirm to the Copyright Office that the information given on this form is a true and correct representation of the accompanying document. This affirmation will not suffice as a certification of a photocopy signature on the document. (Affirmation *must* be signed even if you are also signing Space 10.)

Signature _____ , Jill M. Pietrini

Date  May 26, 2004

Phone Number (310) 312-4000    Fax Number (310) 312-4224

**10** Certification*: Complete this certification in addition to the Affirmation if a photocopy of the original signed document is substituted for a document bearing the actual signature.
NOTE: This space *may not* be used for an official certification.
   I certify under penalty of perjury under the laws of the United States of America that the accompanying document is a true copy of the original document.

Signature _____

Duly Authorized Agent of: _____

Date _____

Recordation will be mailed in window envelope to this address:

Name▼  Jill M. Pietrini, Esq.
    Manatt, Phelps & Phillips, LLP

Number/Street/Apt▼  11355 W. Olympic Boulevard

City/State/ZIP▼  Los Angeles, CA 90064

**YOU MUST:**
• Complete all necessary spaces
• Sign your Cover Sheet in Space 9
**SEND ALL 3 ELEMENTS TOGETHER:**
1. Two copies of the Document Cover Sheet
2. Check/money order payable to *Register of Copyrights*
3. Document
**MAIL TO:**
Library of Congress, Copyright Office
Documents Recordation Section, LM-462
101 Independence Avenue, S.E.
Washington, D.C. 20559-6000

Fees are subject to change. For current fees, check the Copyright Office website at www.copyright.gov, write the Copyright Office, or call (202) 707-3000.

*Knowingly and willfully falsifying material facts on this form may result in criminal liability. 18 U.S.C §1001.

Rev: June 2002—20,000  Web Rev: June 2002  ☺ Printed on recycled paper

U.S. Government Printing Office: 2000-461-113/20,021

## NOTICE OF TERMINATION

### VIA CERTIFIED MAIL RETURN RECEIPT REQUESTED

TO:     Paramount Pictures Corporation, successor-in-interest to Republic Pictures Corporation
and Repix, Inc.
5555 Melrose Avenue
Los Angeles, CA 90038
Attn: Legal Department

Estate of Elaine Steinbeck
c/o McIntosh and Otis, Inc.
353 Lexington Avenue
New York, New York 10016
Ph: 212-687-7400

PLEASE TAKE NOTICE that pursuant to 17 U.S.C. §304(d), Thomas Steinbeck and
Blake Smyle, he being the sole surviving child of deceased author John Steinbeck, and she
being the sole surviving child of deceased John Steinbeck IV, who was the only other child of
deceased author John Steinbeck, terminate grants made to you before January 1, 1978 in the
works described below:

| Title | Author | Date Copyright Secured | Copyright Reg. # | Effective Date of Termination |
|---|---|---|---|---|
| The Long Valley and all stories included therein, | John Steinbeck | Sept. 16, 1938 | A:388033 | Sept. 17, 2013 |
| namely: | John Steinbeck | | | |
| Chrysanthemums | John Steinbeck | | | |
| White Quail | John Steinbeck | | | |
| Flight | John Steinbeck | | | |
| Snake | John Steinbeck | | | |
| Breakfast | John Steinbeck | | | |
| Raid | John Steinbeck | | | |
| Harness | John Steinbeck | | | |
| Vigilante | John Steinbeck | | | |
| Johnny Bear | John Steinbeck | | | |
| Murder | John Steinbeck | | | |
| Saint Katy The Virgin | John Steinbeck | | | |
| Red Pony | John Steinbeck | | | |

Deceased author John Steinbeck's widow Elaine Steinbeck being deceased, and there
being no other surviving child or grandchild of deceased author John Steinbeck, Thomas
Steinbeck and Blake Smyle are all of the persons whose signatures are necessary to terminate
the grants described herein under 17. U.S.C. §304. Termination of renewal term rights under
17 U.S.C. §304(c) has not been exercised before.

This notice terminates all rights granted to you or your predecessors in interest by

Charles K. Feldman Group Productions and Lewis Milestone Productions, Inc. pursuant to an agreement and supplemental agreement dated March 2, 1947, which was referenced by an instrument dated April 19, 1949, and recorded in the U.S. Copyright Office on June 29, 1949 at Volume 711, pages 205-206, which granted to Republic Pictures Corp. the right to release, exhibit and distribute a motion picture entitled "The Red Pony", based on the story and/or literary material by John Steinbeck entitled "The Red Pony", "The Great Mountains", "The Gift", "The Long Valley", "Leader of the People", and "The Promise", and to broadcast by radio material therefrom, as well as to exploit limited publication rights therein for advertising purposes. This notice also terminates all rights you or your predecessors-in-interest received from on assignment by deceased author John Steinbeck to Lewis Milestone of all motion picture, radio and television rights in the above works, and in the stories "The Great Mountains", "The Promise", and "The Gift" by an agreement between those parties dated September 26, 1946 and recorded as three separate instruments dated October 11, 1946 and recorded February 11, 1947 in volume 626, pages 89-94 of the U.S. Copyright Office Records, which rights Republic Pictures Corp. was assigned by a certificate of sale and foreclosure dated September 25, 1952, recorded November 28, 1952, in volume 857, pages 2 and 3 in the U.S. Copyright Office record. This notice also terminates all other rights referenced in the above-described agreements relating to these works.

Dated: May 13, , 2004

Dated: May 17 2004

Thomas Steinbeck

Blake Smyle

40645393.9

# EXHIBIT H

## AMENDED NOTICE OF TERMINATION

TO:   Dramatists Play Service, Inc.
       c/o Stephen Sultan
       440 Park Avenue South
       New York, New York  10016

       Estate of Elaine Steinbeck
       c/o McIntosh & Otis, Inc.
       323 Lexington Ave.
       New York, New York  10016

PLEASE TAKE NOTICE that pursuant to 17 U.S.C. §304(d), Thomas Steinbeck and Blake Smyle, he being the sole surviving child of deceased author John Steinbeck, and she being the sole surviving child of deceased John Steinbeck IV, who was the only other child of deceased author John Steinbeck, terminate grants John Steinbeck made to Dramatists Play Service before January 1, 1978 in the works described below:

| Title | Author | Date Copyright Secured | Copyright Reg. # | Effective Date of Termination |
|---|---|---|---|---|
| Of Mice and Men (Novel) | John Steinbeck | February 26, 1937 | A:102928 | February 27, 20012 |
| Of Mice and Men (Play) | John Steinbeck | December 10, 1937 | DP: 53848 | December 11, 20012 |

Deceased author John Steinbeck's widow Elaine Steinbeck being deceased, and there being no other surviving child or grandchild of deceased author John Steinbeck, Thomas Steinbeck and Blake Smyle are all of the persons whose signatures are necessary to terminate the grants described herein under 17 U.S.C. §304.  A right of termination for the extended renewal term pursuant to 17 U.S.C. § 304(c) has not been previously exercised.

This Notice terminates all grants of rights made to Dramatists Play Service, Inc. or its predecessors in interest in the above described works before January 1, 1978, including but not limited to any and all grants of book or play publication rights, dramatic rights, theatrical stage rights, or other rights of any nature in said works, as well as all amendments, revisions, or renewals of such grants. Such grants include, but are not limited to that certain contract dated 29 June, 1940 between John Steinbeck and Dramatists Play Service, Inc. and all other agreements entered into between John Steinbeck and Dramatists Play Service, or its predecessors in interest, successors in interest, or assignors before January 1, 1978, as well as all amendments, revisions, or renewals of or to said agreements.

Dated: April 13, 2006

Thomas Steinbeck

Dated: April 13, 2006

Blake Smyle

V3481 D590

406.15393.13                                           1

# EXHIBIT I

## NOTICE OF TERMINATION

DATE:   December 3, 2014

TO:   Samuel French, Inc.
      c/o Bruce Lazzarus
      45 West 25th Street
      New York, NY 10010
      PH: 212-206-8990

      Estate of Elaine Steinbeck
      c/o McIntosh & Otis, Inc.
      323 Lexington Ave.
      New York, NY 10016

   PLEASE TAKE NOTICE that pursuant to 17 U.S.C. §304(d), Thomas Steinbeck and Blake Smyle, he being the sole surviving child of deceased author John Steinbeck, and she being the sole surviving child of deceased John Steinbeck IV, who was the only other child of deceased author John Steinbeck, terminate grants made to you or your predecessors before January 1, 1978 in book or play publication rights, dramatic rights, theatrical stage rights, or other rights of any nature in the works described below:

| Title | Author | Date Copyright Secured | Copyright Reg. # | Effective Date of Termination |
|-------|--------|------------------------|------------------|-------------------------------|
| Of Mice and Men (play) | John Steinbeck | Dec. 10, 1937 | DP: 53848 | Dec. 11, 2016 |
| Of Mice and Men (novel) | John Steinbeck | Feb. 26, 1937 | A: 102928 | Feb. 27, 2017 |

   Deceased author John Steinbeck's widow Elaine Steinbeck being deceased, and there being no other surviving child or grandchild of deceased author John Steinbeck, Thomas Steinbeck and Blake Smyle are all of the persons whose signatures are necessary to terminate the grants described herein under 17. U.S.C. §304. Termination of renewal term rights under 17 U.S.C. §304(d) has not been exercised before.
   This notice terminates all grants of rights made to Samuel French, Inc. or its predecessors in interest in the above described work before January 1, 1978, including but not limited to any and all grants of book or play publication rights, dramatic rights, theatrical stage rights, or other rights of any nature in said works, as well as amendments, revisions, or renewals of such grants. Such grants include, but are not limited to that certain agreement between John Sfeinbeck and Annie Laurie Williams which resulted in rights being granted to Samuel French Inc.., and all other agreements entered into between John Steinbeck and any other person or entity that resulted in rights being granted to Samuel French Inc. or its predecessors in interest, successors in interest, or assignors before January 1, 1978, as well as all amendments, revisions, or renewals of or said agreements.


Dated:  12/4/14


                              Thomas Steinbeck
                              1482 East Valley Road, Suite 100
                              Montecito, CA 93108


Dated:  12/7/14


                              Blake Smyle
                              P.O. Box 3001
                              Shepherdstown. WVA 25443

# EXHIBIT J

**From:** Eugene Winick <genewinick@mcintoshandotis.com>

**Date:** November 9, 2011 2:01:01 PM PST

**To:** Thomas Steinbeck <palladingroup@cox.net>

**Cc:** Elizabeth Winick Rubinstein <ewinick@mcintoshandotis.com>

Dear Gail,

We write to let you know that we are very troubled by your interference with the Warner Brothers East of Eden agreement. We apprised Warner Brothers concerning the inaccurate information you transmitted to them. I attach a copy of our correspondence.

We have also alerted Emilly Parker at the Rights Center that your claim in your email to her that "The Palladin Group also represents these film and/or stage rights based upon the works of John Steinbeck: The Grapes of Wrath, Of Mice and Men, The Red Pony, the short stories included in The Long Valley; Flight, The Chrysanthemums, The White Quail, The Snake, Breakfast, The Raid, The Harness, The Vigilante, Johnny Bear, The Murder, and Saint Katy the Virgin" is blatantly false.

As you well know, Judge Daniels' decision, affirmed by the Second Circuit, ruled that the Estate of Elaine A Steinbeck, Waverly Kaffaga, Executrix, has "the complete power and authority to negotiate, authorize and take action with respect to the exploitation and/or termination of rights in the works of John Steinbeck" by virtue of the 1983 Settlement Agreement. Since the US Supreme Court denied Thom's petition for certiorari, these decisions are final and binding. As you also know, the same decisions denied Thom's attempt to terminate McIntosh and Otis's appointment as agent for the works.

The decisions and their effect are clear, and there can be no good faith basis for your misrepresenting the facts to Warner Brothers. Thus, we have to assume that you (and Thom) are deliberately attempting to interfere with deals made by the Estate of Elaine A. Steinbeck. Should you or Thom persist in interfering with agreements, proposed deals and other exploitations of the Steinbeck Works, this letter is to inform you that McIntosh and Otis and/or the Estate reserve all their rights, including the right to pursue any available remedies such as interference with contract.

McIntosh and Otis, Inc. on behalf of the Estate is working to provide the best possible results for the works of John Steinbeck. Attempts to circumvent such efforts only devalue the works and dilute Thom's, as well as Blake's and Nancy's , potential interests. It is absolutely self-defeating.

We trust we will not have to write you again in this regard.

Yours,

Gene and Elizabeth

1

# EXHIBIT K

919 THIRD AVENUE  NEW YORK  NEW YORK  10022-3908

**JENNER&BLOCK** LLP

December 24, 2014

Susan J. Kohlmann
Tel  212 891-1690
Fax 212 909-0821
skohlmann@jenner.com

**VIA FIRST CLASS MAIL**

Thomas  Steinbeck
1482 East Valley Road, Suite 100
Montecito, CA  93108

Blake Smyle
P.O. Box 3001
Shepherdstown, WA  26553

Re:   ***Defective Notice of Termination of John Steinbeck's Of Mice and Men (the Novel) and of
      Mice and Men (the Play)***

Dear Thomas and Blake:

We are in receipt of a Notice of Termination addressed to Samuel French, Inc. c/o Bruce Lazzarus, and
the Estate of Elaine Steinbeck c/o McIntosh & Otis, Inc., dated December 3, 2014, in which you purport to
terminate all rights granted to Samuel French, Inc. or its predecessors in interest by John Steinbeck
relating to Of Mice and Men (the Novel) or Of Mice and Men (the Play), including "any and all grants of
books or play publication rights, dramatic rights, theatrical stage rights, or other rights of any nature in
said works, as well as amendments, revisions, or renewals of such grants."

On behalf of the beneficiaries under the Will of Elaine Steinbeck, we write to advise you that this notice of
termination is defective.  As you are well aware, both Thom Steinbeck and John Steinbeck IV
surrendered "complete power and authority" to Elaine Steinbeck to exercise your copyright interests in
John Steinbeck's works, including the power and authority to terminate in exchange for increased
royalties under the parties' 1983 Settlement Agreement ( the "1983 Settlement Agreement"). Specifically,
the 1983 Agreement conferred upon Elaine "the complete power and authority to negotiate, authorize,
and take action with respect to the exploitation and/or termination of rights in the works of John Steinbeck
in which John Steinbeck IV and Thom Steinbeck have or will have renewal and termination rights."  In
order to effectuate the 1983 Settlement Agreement, you or your predecessor-in-interest signed identical
powers of attorney appointing Elaine Steinbeck as your "attorney-in-fact" to "negotiate and sign contracts
and agreements or otherwise take and authorize action on my behalf . . . with respect to the works of
John Steinbeck in which I now have or will have renewal or termination rights under U.S. Copyright Law."

Thomas  Steinbeck
December 24, 2014
Page 2

Thus, pursuant to the 1983 Agreement, you do not have the power or authority to terminate any rights granted in John Steinbeck's works, including the rights granted to Samuel French, Inc.  As such, we deem this Notice of Termination a nullity.

This letter is without prejudice to any and all rights in which the beneficiaries under the Will of Elaine Steinbeck expressly reserve.

Sincerely,

Susan J. Kohlmann
Partner

SJK:ea


cc:          Samuel French, Inc.
             c/o Bruce Lazzarus
             45 West 25th Street
             New York, NY 10010

             McIntosh & Otis, Inc.
             323 Lexington Ave.
             New York, NY 10016

# EXHIBIT L

MEMORANDUM OF AGREEMENT, made this 29th day of June, 1940, between JOHN STEINBECK, hereinafter called the Author; and the DRAMATISTS PLAY SERVICE, INC., hereinafter called the Service.

1.  The Author hereby grants and assigns to the Service the sole and exclusive right to lease the play entitled OF MICE AND MEN to non-professional producers for performances on the stage, with living actors, throughout the world, in the English language only, for a rental fee of not more than Thirty-five Dollars ($35.00) for the first performance and Twenty-five Dollars ($25.00) a performance for subsequent performances, which fee may in the discretion of the Service be reduced in consideration of special circumstances.  The Author guarantees and represents that he has full power to make this agreement and grant.

2.  The Author hereby authorizes the Service to publish the play in a paper-bound edition to sell at retail for not more than Seventy-five Cents (.75) a copy, for the general purpose of promoting the leasings of the play to non-professional producers, provided, however, that the Service secures whatever consent may be necessary from THE VIKING PRESS, publisher of the regular trade edition.

3.  The Author grants to the Service the right to publish short excerpts from the said play, at its discretion, in a collection or anthology designed to advertise the Service, its plays, and authors.  The Author shall receive no payment for such use of the excerpts as long as no other author, from whose play excerpts are published in the collection or anthology, receives payment for such use. If any such other author is paid therefor, then the author herein shall be paid at the same rate.  This grant is contingent upon the Service's securing the consent of The Viking Press to the publication of excerpts in such collection or anthology.

4.  If the Service publishes the play under its own imprint, all expenses of publication shall be borne by the Service, except that, if the Service is required by the Author to make any corrections or alterations in the type (other than those necessitated by typographical errors) costing in excess of ten per cent (10%) of the cost of original composition, the Author agrees to pay such excess cost.

5.  The Author guarantees and represents that the said play is innocent and contains no matter libelous or otherwise unlawful, and that he will hold harmless the Service against any suit, claim, demand or recovery, by judgment finally sustained, by reason of any violation of proprietary right or copyright by, or any unlawful matter contained in, the said play.

6.  The Service agrees to advertise the said play to non-professional producing groups and to use its best efforts to lease the play to such groups for production.

7.  The Service agrees to present to the Author ten (10) free copies of the said play upon publication and to permit the Author to buy additional copies at forty per cent (40%) discount from the retail catalogue price, for his own personal use.

8.  The Service agrees to pay jointly to the Author and Sam H. Harris, the Manager, as long as the Manager is entitled to share therein, and thereafter solely to the Author, eighty per cent (80%) of all monies received by it from non-professional performances of said play.  The respective shares of such monies due the Author and the Manager shall be paid to each direct:  i.e., to the Manager, on performances in the United States and Canada, fifty per cent (50%) of the aforesaid eighty per cent (80%); on performances in foreign countries other than Great Britain and Canada, forty per cent (40%) of the aforesaid eighty per cent (80%); to the Author the balance remaining, or the full eighty per cent (80%); whenever the Manager is not entitled to share therein.  On performances in Great Britain (i.e. the United Kingdom of Great Britain, Northern Ireland and the Irish Free State) the Manager is not entitled to share therein. Statements of monies received shall be rendered on the first day of February and the first day of August in each year for the semi-annual period up

to the first day of the month preceding such statements and shall be accompanied by payment of the amount shown to be due thereon. The Service also agrees, provided the net sum due is not less than Ten ($10.00) Dollars, to make payment of the amount due at any time upon written demand, the Service having two (2) weeks within which to make such payment and submit an accounting.

If any monies due from non-professional performances of the play are not paid to the Service within a reasonable time, it is agreed that the Service shall be entitled to employ an attorney to collect such monies, and in that event the percentages due the Service and the Author and the Manager under this contract shall be based upon the amount actually received by the Service, after the deduction of the fee and expenses paid such attorney.

9.  If the Service publishes the play under its own imprint, the Service agrees to pay to the Author a royalty of ten (10%) percent of the catalog retail price on all copies of the play published and actually sold by the Service, which shall be construed as not including copies given to the Author, copies given away for review, and copies otherwise given away for the purpose of promoting the sale of the play. Statements of sales shall be rendered on the first day of February and the first day of August in each year for the semi-annual period up to the first day of the month preceding such statements and shall be accompanied by payment of the amount shown to be due thereon.

10.  All required accountings and notices shall be sent to John Steinbeck, Annie Laurie Williams, 18 East 41st Street, New York City, and to Sam H. Harris at 239-247 West 45th Street, New York City, unless the Service shall have received written instructions to the contrary.

11.  The Author grants the Service the exclusive right to rent manuscript or mimeographed copies of the play, including parts, for the use of non-professional producing groups in connection with performances of the play.

12.  The Author or his authorized representative shall have the right, upon written request, to examine the books of account of the Service insofar as they relate to the said play, which examination shall be at the cost of the Author unless errors of accounting amounting to five (5%) percent or more of the total sums paid to the Author shall be found to his disadvantage, in which case the cost shall be paid by the Service.

13.  If at any time after the expiration of five (5) years from the date of the first leasing, no performances of the play has been given in any two (2) successive years, the Service shall not be obligated to continue the play on its active list and the Author shall have the right, on thirty (30) days' written notice to the Service, to terminate this Agreement, and all rights granted herein to the Service shall revert to the Author. In the event of such termination, should the play have been published by the Service and should the plates be owned by the Service, the Author shall have the right to buy the plates at half their cost of manufacture, and any bound or unbound copies at their actual cost of manufacture, in default of which the Service shall have the right to melt any plates and sell remaining copies at cost or less, without payment of royalty to the Author upon such sales.

14.  It is understood that all rights, now existent or which may hereafter come into existence, except those herein specifically granted to the Service, are hereby reserved to the Author.

15.  In case of bankruptcy, receivership, or assignment for the benefit of creditors (or liquidation for any cause whatever) of the Service, all rights granted herein shall revert to the Author.

16.  This agreement expresses and contains the entire understanding of the parties hereto and replaces and supersedes all previous agreements or understandings, either verbal or written, relating to the subject matter herein.

17.  This Agreement shall be binding upon and inure to the benefit of the executors, administrators and assigns of the Author and Manager and upon and to the successors and assigns of the Service; but no assignment, voluntary or by operation of law, shall be binding upon either of the parties hereto without the written consent of the other party to this agreement; provided, however, that the Author and Manager may assign or transfer any monies due or to become due them under this Agreement.

DRAMATISTS' PLAY SERVICE, INC.

by _Howard Lindsay_

_John Steinbeck by_
(Author) _McIntosh & Otis_
_Attorney-in-fact_

WITNESS: _Mildred S. Clune_

WITNESS: _____

Countersigned by
The Dramatists' Guild of the Authors' League of America, Inc.

By _Pauline Phelps_
Executive Secretary