# Exhibit 6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

THOMAS STEINBECK, an individual, and
BLAKE SMYLE, an individual,

        Plaintiffs and Counterclaim Defendants,

-against-

MCINTOSH & OTIS, INC., a New York corporation; THE
STEINBECK HERITAGE FOUNDATION, a non-profit, New
York corporation; EUGENE H. WINICK, an individual;
SAMUEL PINKUS, an individual; JEAN ANDERSON BOONE,
an individual; FRANCIS ANDERSON ATKINSON, an
individual; WAVERLY SCOTT KAFFAGA, an individual and
Executor of the Estate of Elaine Anderson Steinbeck; DAVID
SCOTT FARBER, an individual; ANDERSON FARBER
RUNKLE, an individual; JEBEL KAFFAGA, an individual;
BAHAR KAFFAGA, an individual; and STEVEN FRUSHTICK,
an individual, and Does 1-10.

        Defendants and Counterclaim Plaintiffs.

---

04 CIV 5497 (GBD)

**STIPULATION AND
ORDER WITH
RESPECT TO
COUNTERCLAIMS
AND INTERVENOR
COMPLAINT**

---

NANCY STEINBECK, an individual,

        Intervenor-Plaintiff,

-against-

MCINTOSH & OTIS, INC., A New York corporation; THE
STEINBECK HERITAGE FOUNDATION, a non-profit, New
York corporation; EUGENE H. WINICK, an individual;
SAMUEL PINKUS, an individual; JEAN ANDERSON BOONE,
an individual; FRANCIS ANDERSON ATKINSON, an
individual; WAVERLY SCOTT KAFFAGA, an individual and
Executor of the Estate of Elaine Anderson Steinbeck; DAVID
SCOTT FARBER, an individual; ANDERSON FARBER
RUNKLE, an individual; JEBEL KAFFAGA, an individual;
BAHAR KAFFAGA, an individual; and STEVEN FRUSHTICK,
an individual, and Does 1-10.

        Defendants.

WHEREAS, by Memorandum Decision and Order dated March 31, 2009 (the "Order"), this Court granted summary judgment to Defendants, Waverly Kaffaga, as an individual and as Executrix of the Estate of Elaine Steinbeck, Jean Anderson Boone, Frances Anderson Atkinson, David Scott Farber, Anderson Farber Runkle, Jebel Kaffaga, Bahar Kaffaga, the Steinbeck Heritage Foundation and Steven Frushtick (collectively "the Estate Defendants") dismissing plaintiffs Thomas Steinbeck and Blake Smyle's (collectively "the Steinbecks") first, second, fourth, fifth, seventh, eighth, ninth and twelfth claims (and by necessary inference the tenth, eleventh and thirteenth declaratory judgment claims) in the Complaint;

WHEREAS, by the Order, this Court also granted summary judgment to Defendant McIntosh & Otis, Inc. ("M&O") dismissing the Steinbecks' second, third, fourth and sixth claims in the Complaint;

WHEREAS, by the Order, this Court purported to dismiss this case in its entirety;

WHEREAS, the Steinbecks appealed the Order;

WHEREAS, on June 22, 2009, counsel for the Steinbecks, M&O and the Estate Defendants participated in a pre-argument conference at the United States Court of Appeals for the Second Circuit (the "Pre-Argument Conference");

WHEREAS, at the Pre-Argument Conference, it was noted that although this Court's Order expressly states that the "case is dismissed in its entirety", certain counterclaims by the Estate Defendants against the Steinbecks, as well as, an intervenor complaint filed by intervenor plaintiff Nancy Steinbeck were not the subject of the summary judgment motions previously submitted to this Court;

WHEREAS, the Second Circuit requested that the parties seek clarification from this Court and obtain any further relief, if necessary, in order to achieve finality and thereby, confer jurisdiction on the Second Circuit;

2

WHEREAS, the parties filed a stipulation in the Second Circuit withdrawing the appeal from active consideration without prejudice and with leave to reactivate the appeal;

WHEREAS, the Steinbecks desire to move forward with the appeal without any confusion concerning the finality of this matter in the District Court any without any doubt concerning the Second Circuit's jurisdiction over this matter;

IT IS HEREBY STIPULATED AND AGREED by and between the undersigned attorneys for their respective parties that:

(1) Thomas Steinbeck hereby agrees to withdraw and abandon his appeal solely and exclusively limited to that portion of the Order in the above-captioned matter dismissing the First Claim for Relief in the Complaint dated July 14, 2004 for Trademark Infringement and Unfair Competition pursuant to 15 U.S.C. §1125(a) and the Twelfth Claim for declaratory relief regarding the trademarks. Nothing herein shall be deemed to constitute a waiver by Thomas Steinbeck of any other aspect of his pending appeal from the Order to the United States Court of Appeals for the Second Circuit.

(2) With respect to the Counterclaims filed by The Steinbeck Heritage Foundation:

    a) Pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, The Steinbeck Heritage Foundation's counterclaim for declaratory relief (Ownership of the Steinbeck Trademarks) is hereby dismissed without prejudice, without costs and without fees.

(3) With respect to the Counterclaims filed by Jean Anderson Boone:

    a) Judgment shall be entered in favor of Jean Anderson Boone on Counterclaim One (Validity of the 1983 Agreement) for the reasons stated in the District Court's decisions dated March 31, 2009.

3

b) Judgment shall be entered in favor of Jean Anderson Boone on Counterclaim Two (Validity of Termination Notices) for the reasons stated in the Second Circuit's decision in *Penguin Group (USA), Inc. v. Steinbeck*, 537 F.3d 193 (2d Cir. 2008).

c) Pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, Jean Anderson Boone's Counterclaim Three for declaratory relief (Ownership of the Steinbeck Trademarks) is hereby dismissed without prejudice, without costs and without fees.

(4) With respect to the Counterclaims filed by Steven Frushtick:

a) Pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, Steven Frushtick's counterclaim for declaratory relief (Ownership of the Steinbeck Trademarks) is hereby dismissed without prejudice, without costs and without fees.

(5) With respect to the Counterclaims filed by Waverly Scott Kaffaga, as Executor of the Estate of Elaine Anderson Steinbeck:

a) Judgment shall be entered in favor of the Estate on Counterclaim One (Validity of the 1983 Agreement) for the reasons stated in the District Court's decisions dated March 31, 2009.

b) Judgment shall be entered in favor of the Estate on Counterclaim Two (Validity of Termination Notices) for the reasons stated in the Second Circuit's decision in *Penguin Group (USA), Inc. v. Steinbeck*, 537 F.3d 193 (2d Cir. 2008).

c) Pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, the Estate's Counterclaim Three for declaratory relief (Ownership of the Steinbeck

4

Trademarks) is hereby dismissed without prejudice, without costs and without fees.

(6) With respect to the Counterclaims filed by Waverly Scott Kaffaga, David Scott Farber, Anderson Farber, Bahar Kaffaga, and Jebel Kaffaga:

    a) Judgment shall be entered in favor of the Counterclaim-Plaintiffs on Counterclaim One (Validity of the 1983 Agreement) for the reasons stated in the District Court's decisions dated March 31, 2009.

    b) Judgment shall be entered in favor of the Counterclaim-Plaintiffs on Counterclaim Two (Validity of Termination Notices) for the reasons stated in the Second Circuit's decision in *Penguin Group (USA), Inc. v. Steinbeck*, 537 F.3d 193 (2d Cir. 2008).

(7) With respect to the Intervenor Complaint filed by Intervenor-Plaintiff Nancy Steinbeck:

    a) Judgment shall be entered dismissing Nancy Steinbeck's Count One of the Intervenor Complaint (Breach of Fiduciary Duty Arising From Copyright Termination Privileges) for the reasons stated in the District Court's decision dated March 31, 2009.

    b) Pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, Nancy Steinbeck's Count Two (Breach of Fiduciary Duty Arising From Improper Withholding of Moneys Due and Owing) and Count Three (Breach of Fiduciary Duty Arising From Failure To Meet Professional Standard of Care) in the Intervenor-Complaint are hereby dismissed with prejudice, without costs and without fees.

Dated: December 2, 2009
New York, New York

| **HOLLAND & KNIGHT LLP** | **DAVIS WRIGHT TREMAINE, LLP** |
|---|---|
| By: _____<br>Sean C. Sheely | By: _____<br>Elizabeth McNamara |
| 195 Broadway<br>New York, New York 10007<br>Tel.: (212) 513-3200<br>Fax: (212) 385-9010 | 1633 Broadway<br>New York, New York 10019<br>Tel.: (212) 603-6437<br>Fax: (212) 489-8340 |
| Attorneys for Plaintiffs and Counterclaim Defendants *Thomas Steinbeck and Blake Smyle* | Attorneys for Defendants and Counterclaim Plaintiffs *McIntosh & Otis, Inc., Eugene H. Winick and Samuel Pinkus* |
| **JENNER & BLOCK LLP** | **COX BUCHANAN PADMORE & SHAKARCHY LLP** |
| By: _____<br>Susan J. Kohlmann | By: _____<br>Sanford Hausler |
| 919 Third Avenue, 37th Floor<br>New York, New York 10022-3908<br>Tel.: (212) 891-1690<br>Fax: (212) 909-0821 | 630 Third Avenue, 19th Floor<br>New York, New York 10017<br>Tel.: (212) 953-6633<br>Fax: (212) 949-6943 |
| Attorneys for Defendants and Counterclaim Plaintiffs *Waverly Kaffaga, as an individual and as Executrix of the Estate of Elaine Steinbeck, Jean Anderson Boone, Frances Anderson Atkinson, David Scott Farber, Anderson Farber Runkle, Jebel Kaffaga, Bahar Kaffaga, the Steinbeck Heritage Foundation and Steven Frushtick* | Attorneys for Intervenor Plaintiff *Nancy Steinbeck* |

ORDERED, ADJUDGED AND DECREED, that this matter, including all claims, counterclaims and intervenor claims, has been fully and finally resolved and this case is hereby dismissed in its entirety.

**SO ORDERED**
December 2, 2009

*[signature: George B. Daniels]*

HON. GEORGE B. DANIELS
United States District Judge

HON. GEORGE B. DANIELS

# 8942987_v2