# EXHIBIT B

**Trevor Stockinger**

| | |
|---|---|
| **From:** | Trevor Stockinger |
| **Sent:** | Thursday, May 28, 2015 1:14 PM |
| **To:** | 'ken@freundlichlaw.com'; 'mkaiser@freundlichlaw.com' |
| **Cc:** | 'Joshua Graubart' |
| **Subject:** | RE: Meet and Confer Follow-Up |

Thank you for closing out the meet and confer, Ken.

As to your reservation of rights, I will note that DPS substantially complied with its meet and confer obligations. First, my colleague, Mr. Graubart believes he raised that DPS would be filing a motion to dismiss in response to Plaintiffs' Complaint in April when you discussed the stipulation to extend time to respond.

Second, we contacted you five days in advance of filing our motion to discuss the particular issues that would be raised. We are unaware of any prejudice your client suffered given that: (1) The complaint anticipates DPS' arguments, as noted in my original email; (2) during our call, you indicated that you were aware of at least one of the cases on which we are basing our argument; and (3) you acknowledge, below, that the parties are not able to reconcile their differences without motion practice after our meet and confer.

---

**From:** Trevor Stockinger
**Sent:** Thursday, May 28, 2015 11:31 AM
**To:** 'ken@freundlichlaw.com'; 'mkaiser@freundlichlaw.com'
**Cc:** 'Joshua Graubart'
**Subject:** Meet and Confer Follow-Up

Ken and Michael,

This follows-up and memorializes our meet and confer yesterday concerning Dramatist Play Service's Motion to Dismiss.

As I mentioned on the phone, Dramatist Play Service's primary argument is that the termination notice served on DPS concerning the Of Mice and Men property is invalid. Under the 1983 agreement, Plaintiffs granted Elaine Steinbeck "the complete power and authority" to take action concerning termination rights and that agreement binds and is descendible to Elaine Steinbeck's heirs. As I said, those conclusions are supported by the 2nd Circuit in *Steinbeck v. Steinbeck Heritage Found.,* 400 Fed. Appx. 572, 575 (2nd Cir. 2010) and the Southern District of New York in *Steinbeck v. McIntosh & Otis, Inc.,* 2009 U.S. Dist. LEXIS 34841 at *12. In addition, the 1983 Agreement is not an "agreement to the contrary" as it does not undermine the Congressional purpose of Section 304. *See Milne v. Stephen Slesinger, Inc.,* 430 F.3d 1036, 1043-47 (9th Cir. 2005)*; Penguin Group, Inc. v. Steinbeck,* 537 F.3d 193, 202-204 (2nd Cir. 2009).

In addition, as I also mentioned, DPS may further argue that even were the termination notice to be valid, Plaintiff has an implied license from Elaine Steinbeck and the Estate who has continued to allow DPS to exploit the Of Mice and Men property.

Based on the allegations in your Complaint concerning the 1983 agreement, it appears that Plaintiffs anticipated these arguments and do not plan to agree to a dismissal of their suit against DPS based on them. Please let me know if your view is otherwise.

Trevor